```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

JAMES E. HUDSON and
DIROTHIEUS C. HUDSON,            :

    plaintiffs,                  :

vs.                              :   CIVIL ACTION 04-0821-WS-M

CARDWELL CORPORATION,            :

    Defendant.                   :


<u>REPORT AND RECOMMENDATION</u>

Plaintiffs, who are proceeding *pro se*, filed an employment discrimination complaint (Doc. 1) signed by each Plaintiff, and Plaintiff James E. Hudson (hereinafter J. Hudson) filed a Motion to Proceed Without Prepayment of Fees (Doc. 2). Plaintiff J. Hudson's motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1).[1]  Due to the filing of this motion, the Court reviewed this action under 28 U.S.C. § 1915(e)(2)(B) and observed that Plaintiff Dirothieus C. Hudson (hereinafter D. Hudson) had not filed a motion to proceed without prepayment of fees, nor had he paid the $150.00 filing fee.  Thereupon,

---

[1] Local Rule 72.2(c)(1) provides, in pertinent part, for the referral of non-dispositive pretrial matters in all civil actions to Magistrate Judges for the purpose of hearing and determining all non-dispositive motions.

Plaintiff D. Hudson was ordered on or before June 13, 2005, to file such a motion or pay the $150.00 filing fee (Doc. 3). Plaintiff D. Hudson has not complied with this Order. It is therefore recommended that Plaintiff's D. Hudson's claims be dismissed without prejudice from this action. Notwithstanding, this action will proceed in regard to the claims of Plaintiff J. Hudson.

During the Court's initial review of this action, the undersigned noted the action was commenced in a confused manner (Doc. 3), in that each Plaintiff should have brought a separate action. In an effort to rectify this situation but yet retain control of both sets of claims, the Court ordered Plaintiff D. Hudson to file a motion to proceed without prepayment of fees or pay the $150.00 filing fee for his claims and advised him that upon his compliance with the Order a separate action may be opened for his claims. Plaintiff D. Hudson was warned that his claims would be dismissed if he did not comply and that the dismissal would preclude him from bringing his claims again because the time period for bringing his claims had expired.

In the same Order the Court denied Plaintiff J. Hudson's Motion to Proceed Without Prepayment of Fees (Doc. 3) and granted him leave to file another motion that corrected the deficiencies in his present motion or to pay the $150.00 filing

2

fee.  In addition, Plaintiffs were ordered on or before June 13, 2005, to file, *inter alia,* a copy of the right-to-sue letter that each Plaintiff received.

On June 14, 2005, the Court received a $150.00 filing fee. The receipt indicates that it was paid by Plaintiff J. Hudson. Nothing else has been received by the Court from either Plaintiff.[2]

In light of Plaintiff D. Hudson's failure to file a motion to proceed without prepayment of fees or to pay the filing fee or to file his right-to-sue letter within the prescribed time, the undersigned concludes that he has abandoned the prosecution of his claims.  When claims appear to be abandoned, the Court's inherent power to police or manage its docket in order "to achieve the orderly and expeditious disposition of cases" will be used.  *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).  Pursuant to this

---

[2] On the correspondence side of the paper file is a copy of an e-mail indicating both Plaintiffs appeared at the Clerk's Office when the filing fee was paid and that Plaintiff J. Hudson paid the filing fee and filled out the summons form. This document also reflects that Plaintiff D. Hudson indicated in a telephone conversation with Clerk's Office personnel that he is now living in Cleveland and therefore would not be able to effectively pursue his case.  Plaintiff D. Hudson did not provide this information in writing to the Court after personnel requested that he do so, which would have allowed the Court to enter it on its docket.  Furthermore, Plaintiff D. Hudson has not provided his new address to the Court.

power, the Court may impose sanctions which may range from a reprimand to the dismissal of the action with or without prejudice. *Mingo v. Sugar Cane Growers Co-op of Fla.,* 864 F.2d 101, 102 (11th Cir. 1989). Furthermore, Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for failure "to prosecute and to comply with the these rules or any order of court." Fed.R.Civ.P. 41(b); *Hildebrand v. Honeywell,* 622 F.2d 179, 181 (5th Cir. 1980) (holding a court may enter a *sua sponte* dismissal under Fed.R.Civ.P. 41(b)).³ Dismissal under Rule 41(b) is warranted only upon a "clear record of delay or wilful contempt *and* a finding that lesser sanctions would not suffice." *Id.; see Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *Jones v. Graham,* 709 F.2d 1457, 1458 (11th Cir. 1983).

In the present action, Plaintiff D. Hudson has refused to comply with the Court's Order and has thereby refused to acknowledge the authority of this Court. Furthermore, there is no indication Plaintiff D. Hudson will comply with another order of the Court. Thus, a monetary sanction is not warranted. *Moon v. Newsome,* 863 F.2d 835, 839 (11th Cir.)

---

³The Eleventh Circuit in *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

(finding the district court was not required to select a sanction other than dismissal where a *pro se* plaintiff refused to be deposed after the magistrate judge had ordered the plaintiff to submit to the deposition over plaintiff's objection), *cert. denied,* 493 U.S. 863, 110 S.Ct. 180, 107 L.Ed.2d 135 (1989); *Bradenburg v. Beamis,* 632 F.2d 120, 122 (10th Cir.) (finding the district court did not err when it dismissed the habeas corpus/civil rights complaint for plaintiff's failure to follow the local rule requiring the court's forms be completed), *cert. denied,* 450 U.S. 984, 101 S.Ct. 1522, 67 L.Ed.2d 820 (1981).  Accordingly, it is recommended that Plaintiff D. Hudson's claims be dismissed without prejudice as a sanction for failure to prosecute and to obey the Court's Order because a lesser sanction will not suffice.  The Court realizes that a dismissal without prejudice in this instance will effectively be a dismissal with prejudice because counsel for Plaintiffs received a right-to-sue letter on October 7, 2005 (Doc. 1, at 2).  *Justice v. United States,* 6 F.3d 1474, 1477, 1482 (11th Cir. 1993) (affirming the dismissal with prejudice of the second action as being barred by the statute of limitations even though the first action was dismissed without prejudice after the statute of limitations had expired).  Thus, Plaintiff D. Hudson will be precluded from

proceeding in another action on his claims.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.
>
> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 28th day of July, 2005.

                                        s/BERT W. MILLING, JR.
                                        UNITED STATES MAGISTRATE JUDGE