IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JAMES HUDSON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 04-0821-WS-M |
| | ) |
| **CARDWELL CORPORATION,** | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on the parties' respective responses (docs. 12, 13) to the Show Cause Order (doc. 11) entered by the undersigned on December 9, 2005. Review of those submissions confirms that plaintiff James Hudson does intend to proceed with this action and that defendant Cardwell Corporation, while attempting to preserve defenses based on sufficiency of process and service of process, has filed an Answer (doc. 14) on December 23, 2005. In light of that development, this action is properly referred to Magistrate Judge Milling for entry of a Preliminary Scheduling Order.

The Court notes that plaintiff's submission does not comply with the letter of the Show Cause Order, inasmuch as he apparently ignored the express instructions of this Court to file a <u>joint</u> status report, to show cause for his failure to take action to prosecute this action during the last six months, and the like. The Court understands that Mr. Hudson is representing himself in this action; however, that is no excuse for failure to comply with the directives of this Court or the applicable Federal Rules of Civil Procedure. *See, e.g.*, Local Rule 83.9(b) ("All litigants proceeding *pro se* shall be bound by and comply with all local rules of this Court, and the Federal Rules of Civil and Criminal Procedure, unless otherwise excused from operation of the rules by court order."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure"); *Coffey v. United States*, 939 F. Supp. 185, 189 (E.D.N.Y. 1996) (noting that courts must make reasonable allowances so that a *pro se* plaintiff does not forfeit his rights, but that *pro*

*se* status does not exempt a party from compliance with procedural and substantive law). Further, plaintiff must understand that it not the responsibility of this Court to assist him in meeting his burdens of prosecuting this action in a timely and adequate manner. *See Pliler v. Ford*, 124 S.Ct. 2441, 2446 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Hines v. Reed*, 170 F. Supp.2d 1200, 1204 (S.D. Ala. 2001) ("Even though the Court is required to liberally construe a *pro se* litigant's pleadings, the Court does not have license to serve as de facto counsel for a party ..., or to re-write an otherwise deficient pleading in order to sustain an action....") (citation omitted).

In short, Mr. Hudson is reminded that as a litigant in federal court, he is expected to comply fully with court orders and pretrial deadlines. Failure to do so in the future may result in sanctions up to and including dismissal of the Complaint.

DONE and ORDERED this 27th day of December, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE