IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES HUDSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 04-0821-WS-M |
| | ) |
| CARDWELL CORPORATION, | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

This matter is before the Court on defendant's Motion to Dismiss (doc. 26) based on plaintiff's failure to prosecute this matter and to comply with orders of the Court.

**I.     Background.**

Plaintiff James Hudson ("Hudson"), proceeding *pro se*, filed a Complaint in this District Court on December 27, 2004, charging defendant Cardwell Corporation ("Cardwell") with discriminating against him on the basis of race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 *et seq.*  After participating in a Rule 26 planning meeting with Cardwell's counsel on January 31, 2006, Hudson has been an absentee plaintiff.  He has made no court filings of any kind.  He has never furnished his Rule 26(a)(1) initial disclosures to Cardwell.  He has engaged in no discovery activities whatsoever.  The discovery deadline expired on June 30, 2006, and this action is set for trial during the November 2006 civil term.

Recognizing Hudson's utter non-participation in this case during the last several months, Magistrate Judge Milling entered an Order (doc. 22) on April 25, 2006, requiring him to serve his Rule 26(a)(1) disclosures on opposing counsel on or before May 3, 2006.  Judge Milling's Order cautioned Hudson in bold type that his failure to participate in discovery, to comply with the Federal Rules of Civil Procedure, and to abide by Court orders "could result in this action being dismissed." (April 25 Order, at 1.)  Yet Hudson took no action whatsoever in response to this Order.  On July 7, 2006, the undersigned entered an Order (doc. 28) requiring Hudson, on or before July 20, 2006, to inform the Court in writing whether he has served his initial disclosures on opposing counsel, to explain his failure to comply in a timely manner with Judge Milling's

Order, and to notify the Court as to whether he intends to pursue his claims against Cardwell. The July 7 Order pointedly warned Hudson in bold, italicized text that "failure to respond to this Order in a complete and timely manner will result in the dismissal of this lawsuit with prejudice for failure to prosecute and failure to comply with the Orders of this Court." (July 7 Order, at 1-2.)  Once again, Hudson has offered no response and has disregarded the Court's Orders.

## II.     Analysis.

District courts possess inherent power to sanction errant litigants before them.  *See Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose "reasonable and appropriate" sanctions."); *F.J. Hanshaw Enterprises, Inc. v. Emerald River Development, Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) ("All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders.").  These incidental, inherent powers unquestionably include the power to dismiss an action for failure to prosecute.  *See In re Mroz*, 65 F.3d 1567, 1575 n.9 (11th Cir. 1995) (recognizing that power exists); *see also Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983) (same); *U.S. ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 250-51 (2nd Cir. 2004) (reaffirming district judge's authority to dismiss actions for failure to prosecute and pointing out that such authority is an important tool for preventing undue delays and avoiding docket congestion); *see generally McKelvey v. AT & T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) ("The decision to dismiss for want of prosecution lies within the trial court's discretion and can be reversed only for an abuse of discretion.").  Indeed, Rule 41(b), Fed.R.Civ.P., expressly "authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules."  *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999).

Notwithstanding the availability of such a sanction in every district court's arsenal, the Eleventh Circuit has held that dismissal of an action for failure to prosecute should be undertaken only as a last resort, when lesser sanctions would be inappropriate, and "only in the face of a clear record of delay or contumacious conduct by the plaintiff."  *McKelvey*, 789 F.2d

1518, 1520 (11th Cir. 1986); *see also Goforth*, 766 F.2d at 1535 (dismissal for failure to prosecute is appropriate where the record reflects a "clear record of delay or willful contempt" on the part of a litigant).  In determining whether a Rule 41(b) dismissal for failure to prosecute or failure to comply with court orders is appropriate, courts have considered such factors as (1) the culpability of the plaintiff; (2) the degree of prejudice to the defendant; (3) whether the plaintiff has a history of deliberately proceeding in a dilatory fashion; and (4) the efficacy of less drastic sanctions.  *See, e.g., LaFleur v. Teen Help*, 342 F.3d 1145, 1151 (10th Cir. 2003); *Kernisant v. City of New York* , 225 F.R.D. 422, 433 (E.D.N.Y. 2005); *Vosburgh v. Indemnity Ins. Co. of North America*, 217 F.R.D. 384, 388 (S.D. W.Va. 2003).

      Contumacious conduct warranting dismissal for failure to prosecute includes such activities as "protracted foot-dragging," "defiance of court orders," "ignoring warnings," and "wasteful expenditure of the court's time."  *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4-5 (1st Cir. 2002); *see also Jones*, 709 F.2d at 1462 (affirming dismissal for failure to prosecute where plaintiff disregarded multiple court orders directing him to respond within a certain time); *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (explaining that trial court has obligation to control and manage its own docket, and that consistent disregard of scheduling orders furnishes sufficient reason under Rule 41(b) to dismiss case involuntarily for want of prosecution); *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 40 (1st Cir. 2003) (recognizing that failure to respond to a motion renders a party susceptible to involuntary dismissal for failure to prosecute); *Porter v. Guarino*, 223 F.R.D. 282, 284 (M.D.N.C. 2004) (deeming dismissal for failure to prosecute appropriate where there was total non-cooperation by plaintiff's counsel, a history of delay, and prejudice to defendant).

      In the opinion of the Court, all four examples recited in *Chamorro* are present here.  Hudson has undertaken no meaningful activity to prosecute his claims against Cardwell in nearly six months.  He has defied two distinct Court orders directing him to take certain actions relative to his initial disclosures.  He has disregarded two clear written warnings presented in bold text in the Orders entered by this Court and Judge Milling.  And he has wasted valuable judicial resources, as this District Court has undertaken multiple attempts to coax him to comply with basic discovery requirements that he should have satisfied six months ago.  In addition to squandering the Court's time, Cardwell's course of conduct has prejudiced Cardwell by

effectively precluding it from accessing the discovery process or having any meaningful insight into his claims against it even now, just three months before jury selection and after the passage of numerous critical pretrial deadlines.

It is no excuse that Hudson is proceeding in this matter without the benefit of retained counsel.  After all, the law is clear that while plaintiff's *pro se* status entitles him to deferential treatment, it does not excuse him from compliance with litigation deadlines or court orders.  *See, e.g.,* Local Rule 83.9(b) ("All litigants proceeding *pro se* shall be bound by and comply with all local rules of this Court, and the Federal Rules of Civil and Criminal Procedure, unless otherwise excused from operation of the rules by court order."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure"); *Coffey v. United States*, 939 F. Supp. 185, 189 (E.D.N.Y. 1996) (noting that courts must make reasonable allowances so that a *pro se* plaintiff does not forfeit his rights, but that *pro se* status does not exempt a party from compliance with procedural and substantive law).  Moreover, under the circumstances, the Court readily concludes that no less severe sanctions than dismissal are appropriate.  Hudson having ignored multiple orders emanating from this District Court, there is no reason to believe that any further orders or directives would have a salutary effect or coax any positive modification of his conduct.

### III.   Conclusion.

The Court finds that this case is characterized by a clear record of delay and contumacious conduct by plaintiff, James Hudson.  The Court further finds that Hudson has repeatedly been given and has repeatedly ignored clear warnings that failure to take immediate action would result in the dismissal of his Complaint with prejudice.  Finally, the undersigned is of the opinion that no less onerous sanction would be appropriate in these circumstances.  Based on the foregoing, defendant's Motion to Dismiss (doc. 26) is **granted**, and the Complaint is hereby **dismissed with prejudice** for failure to prosecute and for failure to abide by the Orders of this Court.  A separate judgment will enter.

DONE and ORDERED this 27th day of July, 2006.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE